UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMIE PAFFORD,

        Plaintiff,

-against-

NATIONAL ACTION FINANCIAL SERVICES INC.,

        Defendant.

**VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Jamie Pafford ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Verified Complaint against Defendant, National Action Financial Services, Inc. ("Defendant"), alleges as follows:

Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

Parties

2. Plaintiff is a natural persons residing in Luna Pier, Michigan.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a New York company having its principal place of business located in Williamsville, Erie County, New York.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business and is principally located in the State of New York, personal jurisdiction is established

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

### Factual Allegations

11. Defendant has contacted Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant's agent, "Gregory Bermel" at 800-847-9645 ext. 3233, communicated to Plaintiff's sister that Plaintiff allegedly owes a debt. *See* Exhibit A hereto.

13. Defendant's agent, "Gregory Bermel" at 800-847-9645 ext. 3233, left a message on Plaintiff's sister-in-law's phone communicating that Plaintiff allegedly owes a debt. *See* Exhibit B hereto.

14. Defendant's agent, "Gregory Bermel" at 800-847-9645 ext. 3233, threatened Plaintiff with immediate legal action if payment was not made by March 23, 2009 by 5:00 pm.

15. Defendant's agent, "Gregory Bermel" at 800-847-9645 ext. 3233, threatened Plaintiff with immediate legal action if payment was not made by March 24, 2009 by 3:00 pm.

16. Defendant has not filed a lawsuit against Plaintiff.

17. On or about March 30, 2009, an agent for Defendant called Plaintiff's mother from the telephone number 716-650-6240 and falsely represented himself to be a neighbor receiving telephone calls regarding the Plaintiff. Said agent threatened to call the local police

should Plaintiff not contact someone at the telephone number 800-847-9645. *See* Exhibit C attached hereto.

## CLAIM FOR RELIEF

18. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692b(2) of the FDCPA because Defendant contacted a third party and communicated that Plaintiff owes an alleged debt;

   b. Defendant violated §1692c(b) of the FDCPA because Defendant contacted a third party and communicated that Plaintiff owes an alleged debt;

   c. Defendant violated §1692d of the FDCPA because Defendant engaged in conduct of which the natural consequence is the abuse and harassment of the Plaintiff;

   d. Defendant violated §1692e(5) of the FDCPA because Defendant engaged in false and misleading representations by threatening to file a lawsuit against Plaintiff even though Defendant has not filed a lawsuit and does not intend to do so;

   e. Defendant violated §1692e(10) of the FDCPA because Defendant engaged in the deceptive collection tactics of making false threats to initiate legal action against the Plaintiffs even though Defendant has not done so and does not intend to do so as well as place calls to third parties falsely representing themselves as neighbors receiving telephone calls from the Defendant;

19. As a consequence of Defendant's foregoing actions, Plaintiffs have suffered from emotional distress. *See* Exhibit D hereto.

20. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

21. This case presents an actual and justifiable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

3

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2) Actual damages

(3) Statutory damages pursuant to 15 U.S.C. § 1692k

(4) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(5) Awarding such other and further relief as may be just, proper and equitable.

Dated:      March 30, 2009

KROHN & MOSS, LTD.

By: _____
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-802-0021
ahill@consumerlawcenter.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Jamie Pafford, hereby demands a jury trial in this matter.

FROM : ARDIS CASENM           FAX NO. :313 456 3003           Mar. 30 2009 10:14AM P2

## **VERIFICATION**

STATE OF MICHIGAN)

Plaintiffs, JAMIE PAFFORD, being duly sworn, depose and say:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JAMIE PAFFORD, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 3/28/09

_____
JAMIE PAFFORD

# EXHIBIT A

Jaclyn Anderson
March 25, 2009

On March 23, 2009 I was visiting my mother Trinaye Hinkle at her home. At approximately 1:00pm my mother's home phone rang and I answered it. The gentleman on the phone asked if he could speak to Jamie Hinkle. I told him that Jamie no longer lived here. He asked if I was Jamie's mother and I told him that I was. I am Jamie's sister, our mother who had a stroke was standing next to me during the phone call and asked me to speak on her behalf, so rather than explaining the situation to the gentleman on the phone I simply stated that I was Jamie's mother. He then asked if he could have her work or cell phone number because it was extremely important that he contact her. I told him that she was most likely away from her office at a meeting in Lansing, Michigan so I would try to contact her myself to return his phone call. He then proceeded to give me his information. He said that his name was Gregory Bermel and that he was from Chase calling in regards to the collection of a debt. He gave me his phone number and told me that he had Jamie's file and she needed to contact him by 5:00pm or else he would "take action". I told him that I would try my best to have her return his phone call as soon as possible and I asked him how long he was going to be in his office. He told me he would be available until 5:00pm and then asked me if Jamie was having any trouble financially. I told him that I was under the impression that she was working out all her problems through consolidation. He then told me that "they" do not work with consolidators because consolidations are a "money scam" where the consolidators charge interest on monthly payments. He told me that because of their policy against consolidators, no payments had been received. After I finished talking to Gregory I sent a

text message to my sister because I was under the impression that if she did not talk to him by 5:00pm she would be in trouble.

I sent the following message to Jamie on March 23, 2009 at 1:33pm:

"Gregory Bermel from Chase Bank called. 18008479645 ext 3233. He said they don't work with consolidations so they haven't been paid."

If you have any questions please feel free to contact me,
419-389-7756
Jhinkle3@buckeye-express.com

Sincerely,
Jaclyn Anderson

*Jaclyn Anderson*

# EXHIBIT B

**PLEASE NOTE THAT PLAINTIFF'S COUNSEL IS IN POSSESSION OF A RECORDED VOICEMAIL LEFT BY DEFENDANT'S AGENT. SAID RECORDING WILL BE PRODUCED UPON REQUEST.**

# EXHIBIT C

Monday, March 30, 2009

At approximately 1:45pm on March 30, 2009 I received a phone call from a so called neighbor. When I answered the phone and said hello, I was greeted by the person claiming his name to be "John" and possibly said the last name Hollenbach, but I am uncertain of that. He said something along the lines of… Hello this is John Hollenbach, and I am a neighbor of yours. I am calling to let you know that I have been receiving harassing phone calls concerning your daughter Jamie Hinkle. I then asked him what his number was so my daughter could get a hold of him. He then told me that he wasn't going to give me his number or address, but would give me the number of the people who have been calling him. I said alright and took down the number 1-800-847-9645. I told him that my daughter was in the process of working things out, and his reply was that if he received another call, he was going to call the Rossford Police because he was holding my daughter accountable for the harassment he was receiving. He then asked me if my daughter was a fugitive. At this point in time I had to try to recuperate my emotions, and calm myself down. I am a recovering stroke patient and have a hard time communicating with people, especially when my emotions are heightened. I let him know this because he was talking so much that I couldn't get a word in. I then explained that she was working things out, that she was a good kid, works hard, and it wasn't her fault he was receiving these calls. He then proceeded to tell me that he is tried of receiving the harassing phone calls while he and his wife are trying to sit, relax at home and enjoy their music. I said that I would let her know about the calls because she doesn't even live with us anymore. His reply was that he had seen her at our house a few days ago. My heart was racing, and I was so shaken up that I couldn't even reply. I just said I would have her call the number immediately.

As soon as I hung up the phone I called my daughter immediately and tried to explain what had just took place. She asked the neighbors number so she could call him, and try to find out what was going on. When I looked on the caller id the only number that came in around that time was from 716-650-6240.

He called my house again at 3:45pm, asking to speak with Jamie saying that she had just spoken with her. My reply was that she didn't live her anymore, and I wanted to be taken off of the call list. He said alright.

If you should need anything further please feel free to contact me.

Sincerely,


Trinaye Hinkle
419-666-9669

**EXHIBIT D**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — YES / **NO**
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — YES / **NO**
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _Please see attached._

_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: __3/28/09__          __Jamie Pafford__
                             (Signed) Name

                             __Jamie Pafford__
                             Printed Name

Being six months pregnant and going through this process has been extremely stressful and exhausting. I have experienced high stress levels, constant anxiety, a lack of appetite resulting in weight loss, and sleeplessness, none of which are good for my baby. My normal support system of family and friends has been tarnished with my feelings of humiliation. It is extremely difficult to feel isolated now, when I need them the most during this normally difficult time. It is hard to seek the support of the people I would normally turn to in a situation like this, because I am ashamed of what has been presented to them through these messages and phone calls.

Sincerely,

*Jamie Pafford*

Jamie Pafford